IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER ON MOTIONS** |
| Petitioner/Respondent, | ) | |
| | ) | Criminal Case No. 3:83-cr-16 |
| vs. | ) | |
| | ) | Civil Case No. 3:99-cv-41 |
| Scott William Faul, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

Before this Court are several motions filed by Petitioner Scott William Faul. Specifically, Faul has filed a Motion for Consideration of Unheard Motion to Vacate, Set Aside, or Correct Sentence (doc. #113); a Motion for Recusal as to Judge Bye and for leave to file Nunc Pro Tunc (doc. #114); a Motion for Recusal as to Judge Benson and for leave to file Nunc Pro Tunc (doc. #115); and a Motion to Vacate, Set Aside, or Correct Sentence (doc. #129). The United States has offered a response to the Motion to Consider and the two Motions to Recuse (docs. #118, 119, 125). Petitioner has additionally provided reply briefs as to his Motion to Correct and the recusal motions (docs. #126, 127, 128).

**SUMMARY OF DECISION**

This Court finds that Petitioner's Motion for Consideration of Unheard Motion to Vacate, Set Aside, or Correct Sentence is properly denied as the 2255 motion in question has already been finally resolved. Petitioner's recusal motions are also properly denied as the affidavit filed in support is both legally insufficient and untimely. Petitioner's most recent 2255 motion is summarily denied as it raises issues already adjudicated.

1

## FACTUAL BACKGROUND

Defendant Scott William Faul and co-defendant Yorie Kahl were convicted of two counts of second degree murder in connection with the February 13, 1983 deaths of United States Marshal Kenneth Muir and Deputy United States Marshal Robert Chesire near Medina, North Dakota.  Judge Paul Benson sentenced Faul to concurrent life sentences for the second degree murder convictions, as well as additional terms for the remaining convictions.  Faul's convictions were affirmed on appeal.  United States v. Faul, 748 F.2d 1204, 1207 (8th Cir. 1984).

The subsequent appellate history is complex.  Faul's initial 2255 motion was filed on April 24, 1997, in Civil No. A3-97-57 (hereafter "Faul I").  This case was assigned to John B. Jones, Senior District Court Judge for the District of South Dakota.  Judge Jones denied several of Faul's claims and ordered the United States to respond to the remaining claims, which the government did on July 1, 1997.

While this 2255 motion was pending, Faul discharged his attorneys, and the motion was held in abeyance pending the appearance of new counsel or by Faul appearing pro se.  Faul then filed an Application for a Writ of Habeas Corpus with the Honorable Donald P. Lay, then Chief Judge of the Eighth Circuit.  Judge Lay ordered the new petition be treated as one under 28 U.S.C. § 2255, and transferred the matter to the District of North Dakota.  This new motion was filed on March 25, 1999 as Civil No. A3-99-41 (hereafter "Faul II").  Faul subsequently moved to supplement his 2255 motion with additional material.  Judge Jones was assigned to Faul II on April 16, 1999.

On May 3, 1999, Faul filed a motion in both Faul I and II wherein he sought a

determination on the status of the two motions, and additionally sought to amend his 2255 motions and combine them into a single motion.  Judge Jones, in an October 13, 1999 Order, denied the 2255 motion in Faul I without prejudice, but allowed Petitioner to submit an Amended Motion to Vacate, Set Aside, or Correct Sentence in Faul II, wherein he could raise additional claims.  That same day, Judge Jones entered another Order in Faul II directing Faul to file an amended motion after he received copies of the documents filed in Faul I.  On December 1, 2000, Faul filed an amended 2255 motion in Faul I.  On March 26, 2001, the Court ordered that the amended 2255 motion be filed in Faul II.

Judge Jones later requested that Faul II be reassigned.  The Chief Judge of the Eighth Circuit approved this request, and the case was reassigned to Eighth Circuit Judge Kermit Bye pursuant an Order dated March 27, 2001.[1]

On August 27, 2001, after preliminary consideration required by Rule 4 (Rules Governing Section 2255 Proceedings), Judge Bye denied many of Faul's claims and ordered the United States to respond to the remaining claims (doc. #25).  The government did so on November 1, 2001.  Petitioner's reply was filed on January 25, 2002.

The Court assigned Petitioner counsel and scheduled an evidentiary hearing on the issue of jury bias for May 30, 2002.  Petitioner moved to continue the evidentiary hearing, then filed a motion to discharge his appointed counsel and to hold the evidentiary hearing in abeyance.  The court denied the motion to continue the hearing, but held a hearing on Faul's motion to discharge counsel.  Ultimately, Petitioner's motion to discharge counsel was denied, but the evidentiary hearing was continued to June 18, 2002.  The Court denied Petitioner's additional motion for

---

[1] Judge Kermit Bye, sitting by designation.

recusal.

Clifford Barnard entered an appearance as Faul's new attorney on June 4, 2002. Barnard moved to have the hearing continued, which was granted. Petitioner also moved to have Judge Bye recuse or disqualify himself. This latter motion was denied. The Court held the evidentiary hearing as scheduled; Petitioner declined to appear via telephone. On July 29, 2002, the court denied Faul's remaining claims.

On August 16, 2002, Petitioner filed a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure to alter or amend a judgment. This motion was denied on September 24, 2002. On September 26, 2002, Petitioner filed a motion to extend the time to appeal, or, in the alternative, to treat the motion as notice of appeal. Faul also filed a motion to set aside the judgment under Rule 60 of the Federal Rules of Civil Procedure, or for leave to construe his previous Rule 59 Motion as one for relief under Rule 60(b). Petitioner filed a motion on October 4, 2002, requesting reconsideration of his Rule 59 motion.

The court entered a October 17, 2002 Order which denied Petitioner's motion for extension of time to appeal, granted Faul's request to treat the motion as a Notice of Appeal, and denied Faul a certificate of appealability. The court entered a second Order which vacated its earlier August 14, 2002 Order granting Faul an extension of time to file a Rule 59 motion to alter or amend, vacated its September 24 Order denying Faul's Rule 59 Motion, denied Faul's Rule 60 Motion to set aside the judgement and dismissed as moot Faul's motion to reconsider his Rule 59 motion.

The Eighth Circuit treated Faul's Notice of Appeal as an application for a certificate of appealability pursuant to Rule 22, Federal Rules of Appellate Procedure, and his case was

forwarded to a panel of the court.  Petitioner then filed another Notice of Appeal from the district court's October 17th orders.  The Eighth Circuit, after review of this latter petition, denied Faul a certificate of appealability and dismissed his appeal on March 6, 2003.  The Eighth Circuit would also reject Faul's petition for rehearing, a motion to recall the mandate, and a petition for rehearing en banc.

## ANALYSIS

### I.  Motion for Consideration of Unheard Motion to Vacate, Set Aside or Correct Sentence

Faul has filed a motion which he entitled "Motion for Consideration of Unheard Motion to Vacate, Set Aside or Correct Sentence" (doc. #113).  Faul asserts that this 2255 motion, filed as document number 20, has not yet been heard.   In the text of his motion, Faul explicitly declined to provide an explanation was to why the 2255 motion could be considered, as a matter of law, unheard.  He instead suggests that the U.S. Attorneys Office could "fill this Court in on this chaos."  In Petitioner's Reply, he elucidates on the basis of his motion, stating that his initial 2255 hearing was, like all of Faul's prior proceedings, "null and void."  The source of this nullity is that Faul believes Judge Bye to have taken irrevocable and life-long oaths to treat Judge Benson (the district court trial judge) Judge Webb (the United States Attorney at the time of his trial) and Assistant United States Attorney Lynn Crooks (the prosecutor at trial) favorably.  Petitioner additionally states that Crooks and Webb knew of this promise back in 1999 and that Judge Benson, who presided over of his trial, had taken a similar oath, of which Crooks and Webb were aware.  It is Faul's contention that because Judge Benson did not recuse himself, Petitioner's criminal trial and his ultimate conviction are invalid.  Similarly, Faul believes that

Judge Bye's refusal to recuse himself constitutes fraud and "[a]s a matter of law, because of fraud - admitted by Plaintiff - Faul's 2255 is still pending and is awaiting an unbiased judge to hear it." (doc. #126, pg.8).

    The Court does not agree that Petitioner's 2255 motion is, as a matter of law, unheard. Judge Bye considered, and ultimately rejected, Faul's 2255 claims in two Orders, respectively dated August 27, 2001 (doc. #25) and July 29, 2002 (doc. #76). A portion of those Orders dealt with the issue of an alleged Masonic connection between Judge Benson, Assistant United States Attorney Lynn Crooks, and United States Marshal Kenneth Muir. The United States provided several affidavits which contradicted this theory. One affidavit indicated that Judge Benson had not been a member of a Masonic Lodge since December 13, 1970, which was prior to his July 29, 1971 appointment as a United States District Judge. The United States further supplied an affidavit from Curtiss Mundahl, the Grand Secretary of the North Dakota Masonic Grand Lodge, who indicated that the Grand Lodge has no record that shows Marshal Kenneth Muir to have ever been a Mason. Lastly, the affidavit of Roxanne Ludwig, the daughter of Marshal Muir, also indicated that Muir was never a Mason. Judge Bye summarily dismissed Petitioner's claims as to this issue on this basis (doc. #25, pg. 42). Judge Bye similarly rejected Faul's unsupported claim that Judge Benson was the godfather of one of Marshal Muir's children (doc. #76, pg.7). Petitioner sought appellate review of the denial of his 2255 motion. The Eighth Circuit ultimately denied Faul a certificate of appealability.

    28 U.S.C. § 2253(c) governs the issuance of a certificate of appealability. The statute establishes a threshold inquiry as to whether the appellate court should entertain the appeal. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 482

(2000)). The appellate court will issue a certificate of appealability only when the petitioner has made a substantial showing of the denial of a constitutional right. Miller-El, 537 U.S. at 336. This showing requires a showing that "reasonable jurists could reasonable jurors could debate (or for that matter, agree that) the petition should have been resolved in a different manner." Slack, 529 U.S. at 483. Because Petitioner failed to make a substantial showing as to a constitutional violation, he was unable to appeal his 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Petitioner's attempt to characterize his 2255 as "unheard" is merely an attempt to circumvent this prohibition in order to assert the claim of judicial bias one more time. Such subterfuge is, and must in the interests of justice be, unavailing.

      Petitioner's 2255 motion, and with it Faul's claim of judicial bias, has clearly been considered and denied. The Eighth Circuit's refusal to issue a certificate of appealability is plain evidence that Faul has exhausted all avenues of relief under § 2255. Under these circumstances, Petitioner's Motion for Consideration of Unheard Motion to Vacate, Set Aside or Correct Sentence (doc. #113) is therefore properly **DENIED**.

      II. Motion for Recusal as to Judge Bye and for Leave to File Nun Pro Tunc

      Faul originally moved for Judge Bye to recuse himself during a May 28, 2002 telephonic hearing. This hearing, presided over by Judge Bye, was held to address several of Faul's pending motions in relation to his 2255 claim. During this hearing, Faul made a detailed oral request for Judge Bye's recusal pursuant to 28 U.S.C. §§ 144 and 455, which he read into the record. The recusal motion was based on Faul's allegations that Judge Bye had been United States Marshal Harold Warren's personal attorney from the late 1980's until Warren's death in

1990. Fauls states that Judge Bye, as Warren's attorney, listened to audio recordings made by Marshal Warren and was later given these recordings with the instruction to turn them over to the United States Attorney. According to Faul, these tapes contained two and a half hours of conversations between federal law enforcement personnel where they discuss how to construct a justifiable assault scenario when arresting Gordon Kahl. Faul states that Judge Bye did not turn these tapes over to the United States Attorney, but instead destroyed the recordings because of their exculpatory content. Judge Bye orally denied the recusal motion, and later denied the motion in writing in the text of his May 29, 2002 Order.

After Clifford Barnard entered an appearance as new counsel in early June, 2002, Faul filed Petitioner's Motion for Court to Recuse or Disqualify Itself. Included with this Motion was Faul's own affidavit. The Motion and affidavit raised substantially the same allegations as Faul's May 28, 2002 oral motion. During the July 3, 2002 evidentiary hearing, Barnard admitted that he was unable to verify some portions of Faul's affidavit, specifically paragraphs 10 and 11. Barnard later filed a Withdraw of Certificate of Counsel (doc. #66) wherein he reiterated his inability to verify parts of Faul's affidavit, and therefore could not certify his good faith as to the allegations contained therein. Judge Bye would deny this second motion for recusal in a July 29, 2002 Order.

28 U.S.C. § § 144 and 455 govern the recusal or disqualification of a federal judge.[2] Section 144 allows for disqualification of a district judge when a legally sufficient affidavit is timely filed. Judge Bye found that because Barnard withdrew his Certificate of Counsel, Faul's

---

[2] As the grounds for disqualification under the respective statutes are quite similar, both may be considered together. United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984). The Court, however, has elected to treat them individually to illustrate the full measure of the affidavit's inadequacy.

affidavit was not legally sufficient to support a motion for recusal under 28 U.S.C. § 144. Section 455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Judge Bye found that recusal under 28 U.S. § 455 was also unwarranted as no reasonable person would perceive him as harboring bias based on his limited representation of Marshal Warren several years prior.

As the grounds for disqualification under the respective statutes are quite similar, both may be considered together. United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984).

In order to make such a motion pursuant to section 144, the moving party must timely submit an affidavit. In re Medlock, 406 F.3d 1066, 1073 (8th Cir. 2005). This affidavit "must strictly comply with all statutory requirements before it will disqualify a judge." Id. (citing United States v. Anderson, 433 F.2d 856, 859 (8th Cir.1970)). If the affidavit is legally sufficient, it is the duty of the district judge to disqualify himself, regardless of whether the judge himself would challenge the truth of the allegations. 28 U.S.C. § 144; Wounded Knee Legal Defense/Offense Comm. v. Federal Bureau of Investigation, 507 F.2d 1281, 1285-86 (8th Cir. 1974) (citing Berger v. United States, 255 U.S. 22, 32 (1921)). However, "[w]hen an affidavit does not meet the requirements imposed by law, the judge should not disqualify himself." United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984); see also United States v. Young, 907 F.2d 867, 868 (8th Cir. 1990) ("The District court properly refused to recuse himself because Young's affidavit was untimely and legally insufficient"). Indeed, judges have "a duty to sit when not disqualified which is equally as strong as the duty not to sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972). When striking a balance between the duty to sit and the duty to disqualify, it is the judge's obligation "to probe the legal sufficiency of the petitioner's

affidavit and not to disqualify themselves unnecessarily." Davis v. Comm'r, 734 F.2d 1302, 1303 (8th Cir. 1984).  In making this probing inquiry, it is important to note that "rumor speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not ordinarily sufficient to require recusal.  Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

In order for an affidavit to be legally sufficient, it must be provide specific facts, "stated with particularity and must be definite as to times, places, persons, and circumstances." Tezak v. United States, 256 F.2d 702, 717 (7th Cir. 2001).  Further, the "affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial."  United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).  Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification.  Holloway v. United States, 960 F.2d 1348, 1350-51 (8th Cir. 1992).

A close examination of Faul's affidavit reveals that is wholly insufficient to support the present recusal motion.  It consists entirely of accusations, conjecture, and unsupported conclusions.  It is transparent that Faul's affidavit is nothing more than a poorly disguised attempt to resurrect his earlier accusations of Masonic-related judicial bias.  This is further evidenced by Petitioner's contention, contained in his Reply, that opposing counsel Assistant United States Attorney Scott Schneider is complicit in the alleged "fraud with his criminal, pathetic Mason buddies." (doc. #128, pg.7).

The affidavit describes various individuals, including Assistant United States Attorney Lynn Crooks, Judge Paul Benson, Judge Rodney Webb, and Judge Kermit Bye, as swearing blood oaths of loyalty to one another.  The language of such oaths are provided in great detail.

Even more remarkable is that the affidavits purport to recall the subjective mindsets of the named individuals while taking these oaths. The affidavit does not, however, describe how the affiant acquired this information. There is no indication that "oaths" exist anywhere but in Faul's imagination. Were there any substance here, one would expect a detailed factual description of how knowledge of the oaths came into Faul's possession. The Court's review of the record reveals that Petitioner did previously supply an affidavit from Douglas M. Hart, a former Mason. In this affidavit, Hart indicates that Masons, even former ones, are expected to grant favors and special consideration to other Masons and can expect such treatment in return. It would appear that Faul has extrapolated from this statement that Judge Benson was beholden to other Masons and could not be impartial.

      This analysis is flawed for two reasons. First, Hart's affidavit does not contain any facts specific to the above individuals, nor is it particular as to when or where these oaths or pledges were given. Even giving credence to Hart's allegations, there is a complete paucity of information as to the time and place where the "oaths" were given and who was present. As such, the affidavit cannot be considered "definite as to times, places, persons, and circumstances" and is therefore legally insufficient. See Tezak, 256 F.2d at 717. Secondly, even if the affidavit did prove that Judge Benson was obligated to perform special favors for other Masons, in dereliction of his oath as a federal judge, Petitioner has still not established that any individual other than Judge Benson had ever been a member of any Masonic order. Faul's only attempt at providing factual support for his claim comes in form of three street addresses wherein the Court, via subpoena, could obtain documentation of these alleged oaths. The addresses, however, are merely Fargo and Grand Forks Masonic Lodges.

Faul's entire affidavit, and its fixation on various allegiances and oaths, is nothing more than a thinly-veiled attempt to resuscitate his accusations of Masonic-related judicial bias. These arguments of Masonic bias were previously found to be meritless, as demonstrated by the district court's dismissal of Faul's 2255 motion and the Court of Appeals' subsequent refusal to grant him a certificate of appealability. Faul's present attempt to add to Judge Bye to the ever-growing throng of alleged Masonic conspirators must ultimately fail, as his affidavit lacks particularity and sufficiency required by law.[3]

Aside from its factual shortcomings, Faul's affidavit is also legally insufficient because it is untimely. Section 144 requires an affidavit to be filed at least "ten days before the beginning of the term at which the proceeding is to be heard." 28 U.S.C. § 144. Faul is more than four years past this deadline. A person may be excused from the ten-day requirement provided he can show "good cause" for his omission. Holloway, 960 F.2d at 1355. Faul states that the late filing is "the sole and unquestionable fault of [Judge] Kermit Bye's, in collusion with the former U.S. Attorney Rodney Webb and his Assistant, Lynn Crooks" (doc. #114, ¶ 2). Faul has not chosen to illuminate the Court as to the meaning of this cryptic assertion, and therefore this Court can discern no good cause for the present affidavit's extreme untimeliness. As a matter of practical application, if the ten day requirement is stayed in this case, every person who simply uttered "collusion" as a mantra would be relieved of this requirement. This "magic words" theory of timeliness is utterly without merit.

Faul's affidavit is similarly insufficient to raise a reasonable question as to Judge Bye's impartiality under § 455. Under this statute, a judge's decision to recuse himself does not turn

---

[3] Lest the question be raised, the undersigned is not now, nor have I ever been, a member of any Masonic order.

12

on whether he actually possesses bias, it instead is based on whether "the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of the case." In re KPERS, 85 F.3d 1353, 1358 (8th Cir. 1996). The Court agrees with Judge Bye's determination that an average person would not construe his limited and unrelated legal representation of Kenneth Muir in estate planning matters, some twenty years ago, as grounds to question Bye's impartiality. The § 455 motion is further untimely. While the statute does not have an express timeliness requirement, the Eighth Circuit has held that section 455 claims will not be heard unless timely filed. Holloway, 960 F.2d at 1355; Oglala Sioux Tribe v. Homestake Mining Co., 722 F.2d 1407, 1414 (8th Cir. 1983).

For the reasons stated above, Petitioner's motion for the Court to Recuse Itself and for Leave to File Nunc Pro Tunc (doc. #114) is without merit and **DENIED**.

### III.  Motion for Recusal as to Judge Benson and for Leave to File Nun Pro Tunc

Petitioner additionally moves to have Judge Paul Benson recuse himself and for leave to file nunc pro tunc (doc. #115). The United States has provided a response in opposition (doc. #125). Faul originally sought Judge Benson's recusal during his initial trial, which the court denied. He then sought review of the district court's decision in his appeal to the Eighth Circuit. Faul, 748 F.2d at 1210. Faul sought recusal for what he perceived as judical bias stemming from personal and professional relationships between Judge Benson and the United States Marshals. Id. at 1210. The Eighth Circuit affirmed the district court, finding that Faul's affidavits were legally insufficient under 28 U.S.C. § 144, as they contained conclusory allegations and lacked sufficient factual support. Id. at 1211.

Petitioner again raised the issue of bias in his § 2255 motion. Faul asserted that Judge Benson and Marshal Muir had both been members of a Masonic organization, that Judge Benson had personally sponsored Marshal Muir into entry in the highest levels of the Masons, and that Judge Benson had taken a secret blood oath to protect fellow Mason Kenneth Muir. Faul believes he suffered prejudice at trial as a result of this alleged favoritism.

The United States responded to claims of bias by providing several affidavits which contravene Petitioner's allegations. As stated earlier, these affidavits declare that Judge Benson had not been a member of the Masonic Lodge since before his July 29, 1971 appointment as a United States District Judge; there is no record that shows that Marshal Kenneth Muir to ever have been a Mason; and that the daughter of Marshal Muir, Roxanne Ludwig, indicated that Muir had never been a Mason. Judge Bye, in a August 27, 2001 Order, would eventually dismiss Faul's bias claims without a hearing.

Petitioner's present motion now makes general assertions of collusion between Judge Benson and Marshal Kenneth Muir, without specifically alleging a Masonic connection. Faul relies on the same affidavit submitted in support of his motion to recuse Judge Bye. Thus, Faul's current factual basis is nothing more than a rehash of the same allegations of blood oaths, secret promises, and irrevocable allegiances. As this Court has noted above, this affidavit is legally insufficient, and cannot support a motion to recuse under §§ 144 or 455. See Medlock, 406 F.3d at 1073.

Moreover, even if the affidavit is legally sufficient, it is still untimely. Faul's motion is more than two decades past the deadline imposed by § 144. Similarly, while § 455 does not have an express timeliness requirement, the Eighth Circuit has held that § 455 claims will not be

14

heard unless timely filed.  <u>Holloway</u>, 960 F.2d at 1355.  Faul has indicated that his late filing is "the sole and unquestionable fault of [Judge] Paul Benson's, in collaboration with the then U.S. Attorney Rodney Webb and his Assistant, Lynn Crooks" (doc. #115, ¶ 2).  Petitioner states that the delay was caused by the above individuals "concealing facts of importance" and committing "fraud," but Faul is unable to indicate any specific actions taken, or facts concealed, that would excuse a 22 year delay in filing.  The Court is similarly unaware of any reason why the timeliness requirement should otherwise be set aside.

For these reasons, Petitioner's Motion for Recusal as to Judge Benson and for Leave to File Nun Pro Tunc (doc. #115) is **DENIED**.

## IV.  Motion to Vacate, Set Aside, or Correct Sentence

Petitioner has additionally filed a separate 2255 motion wherein he seeks to vacate, set aside, or correct the sentence imposed in case number of C3-83-16 (doc. #129).  In this motion, Petitioner again makes allegations of favoritism, bias and collusion among Judge Benson, Judge Bye, Judge (and then United States Attorney) Webb, and Assistant United States Attorney Lynn Crooks.  Petitioner states that he is being held in prison "unlawfully under no trial, no conviction, no sentence, and no judgment."  (doc. #129-1, pg.5).  He additionally states that the United States has admitted several facts, including, but not limited to, that Faul was fraudulently charged and indicted and that Judge Paul Benson had taken oaths and made promises to treat Lynn Crooks and Rodney Webb favorably.  In support of this, Faul directs the Court to his affidavit filed in support of his two motions for recusal.  These affidavits do not contain any admissions by the United States, they are merely recitations of Faul's belief that he is the victim

of conspiracy and collusion.

Defendant's present motion represents his third 2255 petition, and his allegations of bias have been heard, and rejected, many times over. A Court has no obligation to consider successive motions for similar relief. Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980). Indeed, to repeatedly raise the same issues constitutes an abuse of the writ. Runck v. United States, 762 F. Supp. 1351 (D.N.D. 1991); see also United States v. Bistram, 180 F. Supp. 501 (D.N.D. 1960). However, even if these had not already been raised, Petitioner's newest 2255 motion would be subject to summary dismissal as the allegations "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995). This motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Correct or Vacate Sentence (doc. #113), Motion for Recusal as to Judge Bye and for leave to file Nunc Pro Tunc (doc. #114), Motion for Recusal as to Judge Benson and for leave to file Nunc Pro Tunc (doc. #115), and Motion to Vacate, Set Aside, or Correct Sentence (doc. #129) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of June, 2007.

    /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court