IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Scott William Faul, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING CERTIFICATE** |
| | ) | **OF APPEALABILITY** |
| vs. | ) | |
| | ) | Civil No. 3:99-cv-41 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is a motion by Petitioner seeking a determination of the time frame within which he may file a request for a certificate of appealability (Doc. #134).

On May 17, 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. #129). That motion was Petitioner's third § 2255 petition concerning the same underlying conviction. In an order dated June 25, 2007, this Court denied Petitioner's motion to vacate, holding that it raised the same issues already raised in the previous two petitions (Doc. #130). Furthermore, this Court concluded that all of Petitioner's allegations were "contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Order on Mots. at 16, June 25, 2007 (quoting Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995)).

Petitioner then filed an appeal from the order denying his motion to vacate under § 2255 (Doc. #131). On August 13, 2007, Petitioner requested that this Court issue an order stating the time limit for him to seek a certificate of appealability on the § 2255 motion (Doc. #134). On September 4, 2007, the Eighth Circuit Court of Appeals ruled on Petitioner's appeal, summarily affirming this Court's order (Doc. #135).

1

Under Fed. R. App. P. 4(a)(1)(A), the notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered.  The requirement of a timely notice of appeal is "mandatory and jurisdictional."  Latella v. Jackson, 817 F.2d 12, 13 (8th Cir. 1987) (quotation omitted).  If the petitioner seeking relief under § 2255 files a notice of appeal, the district court which rendered the judgment "must either issue a certificate of appealability or state why a certificate should not issue."  Fed. R. App. P. 22(b)(1).  Other than timely filing a notice of appeal, the Court is not aware of any specific time frame within which a petitioner must seek a certificate of appealability.  See 20A James Wm. Moore, Moore's Federal Practice § 322.12(2)(a) (3d ed. 2007).

In his motion, Petitioner specifically states that he intends to formally request a certificate of appealability at a later date.  However, this Court need not wait for Petitioner's request.  A district court may deny a certificate of appealability sua sponte.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order to satisfy this standard, the petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Here, the Court concludes Petitioner's claims are frivolous and completely without merit, such that reasonable jurists could not disagree about their resolution.

Furthermore, since Petitioner filed his motion regarding the certificate of appealability, the Eighth Circuit has summarily affirmed the order of this Court.  Under Fed. R. App. P. 22(b)(2), "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to

the judges of the court of appeals."  Therefore, it appears the Eighth Circuit has already considered

Petitioner's claim and either denied a certificate of appealability or affirmed the denial of his motion

to vacate on the merits.

For all the foregoing reasons, a certificate of appealability regarding Petitioner's motion to

vacate under 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2007.


     /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court